IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADA CARNES, Individually and as Personal Representative of the Estate of ARTHUR L. CARNES, Deceased, CRAIG CARNES, DANIEL CARNES, and GLENN CARNES,<br><br>Plaintiffs,<br><br>v.<br><br>THE BOEING COMPANY, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   C.A. No. 1:19-cv-00128-MN-SRF<br>)<br>)<br>)<br>)<br>) |

## ~~JOINT PROPOSED~~ SCHEDULING ORDER

This 4 day of April _____, 2019, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16.1 on April 4, 2019, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. **Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.** Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within fifteen (15) days of the date of this Order. If they have not already done so, the parties are to review the Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), which is posted on Magistrate Judge Fallon's section of the Court's website (http://www.ded.uscourts.gov) under the "Guidelines" tab, and is incorporated herein by reference.

1

2.  **Joinder of Other Parties and Amendment of Pleadings.** All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before **September 16, 2019.**

3.  **Cross-Claims.** All defendants or third-party defendants shall be deemed to have asserted cross-claims for contribution and/or indemnification against all defendants and third-party defendants. No answer to any cross-claim for contribution and/or indemnification need be filed by any defendant or third-party defendant in this case and all such cross-claims shall be deemed denied. The protocol, as adopted by the Case Scheduling Order, shall be applicable to all defendants regardless of when their appearance is entered in the case.

4.  **Discovery.** Unless otherwise ordered by the Court, the limitations on discovery set forth in D. Del. LR26.1 shall be strictly observed.

    a.  **Supplementation of Initial Disclosures.**

        i.  Date for Plaintiff(s) to produce medical and diagnostic materials:[1] **June 11, 2019.**

        ii. Date for Plaintiff(s) to produce diagnostic materials, such as pathology: **August 12, 2019.**

        iii. Date for Plaintiff(s) to file Initial Witness and Exhibit Lists (Factual, Medical and Expert): **June 11, 2019.**

        iv. Date for Defendants to file Joint Witness and Exhibit Lists (Factual, Medical and Expert): **November 8, 2019.**

        v.  Date for Defendants to file Initial Individual Witness and Exhibit Lists (Factual, Medical and Expert): **November 18, 2019.**

---

[1] Unless the parties agree otherwise, Fed. R. Civ. P. 5 and D. Del. LR 5.4 will govern.

    **vi.** Date for Plaintiff(s) to produce all bankruptcy trust claim forms and related files[2]: **September 5, 2019.** Should any trust claims be filed after this date, Plaintiff is under an on-going duty to supplement this response pursuant to the Federal Rules of Civil Procedure.

  **b.** <u>Discovery Deadlines.</u>

    **i.** Date for Final Discovery Requests: **January 20, 2020.**

    **ii.** Date for Objections to Final Discovery Requests: **February 20, 2020.**

  **c.** <u>Depositions.</u>

    **i.** <u>Limitation on Hours for Deposition Discovery.</u> Each side is limited to a total of **7** hours per witness of taking testimony upon oral examination, except Decedent's co-worker, product identification, and other exposure testimony witnesses shall not be so limited in time.

    **ii.** <u>Location of Depositions.</u> Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or written agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

    **iii.** Date for completion of depositions of Plaintiff(s) alleging exposure: **Plaintiff's deposition is complete.**

---

[2] Files shall mean: executed proofs of claim together with all non-privileged materials used to support such claim, all trust claims and claim material, and all non-privileged documents or information relevant or related to such claims, including but not limited to work histories, depositions, testimony of plaintiff and others, and medical records and documentation.

3

    iv. Date for completion of depositions of all co-worker, product identification, and other exposure testimony witnesses: **October 17, 2019.**

    v. Date for completion of depositions of all defense fact witnesses: **December 20, 2019.**

  d. <u>Disclosure of Expert Testimony.</u>

    i. <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Fed. R. Civ. P. 26(a)(2) disclosure of expert testimony is due on or before <u>thirty (30) days after all dispositive motions on product identification and nexus referred to in paragraph 12 are resolved.</u> The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before <u>one hundred and twenty (120) days after all dispositive motions on product identification and nexus referred to in paragraph 12 are resolved.</u> Reply expert reports from the party with the initial burden of proof are due on or before <u>one hundred and sixty five (165) days after all dispositive motions on product identification and nexus referred to in paragraph 12 are resolved.</u> No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

  The instant scheduling order intends to bifurcate identification and nexus from issues related to expert causation. The timeline for the production of expert disclosures and reports is controlled by the schedule identified in this paragraph. Disclosure of expert testimony by either party before the time defined herein does not override the deadlines established. No party is required to disclose expert testimony per Fed. R. Civ. P. 26(a)(2) either than those days established after the resolution of all summary judgment motions based on product identification

4

or nexus.

    1.    Date on which parties shall meet and confer to finalize a schedule for taking depositions of Plaintiff(s) and Defendants' experts: <u>one hundred and eighty (180) days after all dispositive motions on product identification and nexus referred to in paragraph 12 are resolved.</u>

    2.    Date for completion of depositions of all experts called by any party: <u>two hundred and forty (240) days after all dispositive motions on product identification and nexus referred to in paragraph 12 are resolved.</u>

    ii.    <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than three hundred (300) days after all dispositive motions on product identification and nexus referred to in paragraph 12 are resolved, unless otherwise ordered by the Court or by agreement of the parties.

    iii.    <u>Other Dispositive Motions</u>.  All other Dispositive Motions (those outside the provision of paragraph 12, *infra*) shall be filed no later than three hundred (300) days after all dispositive motions on product identification and nexus referred to in paragraph 12 are resolved, unless otherwise ordered by the Court.

    e.    <u>Discovery Cut Off</u>. All factual discovery in this case shall be initiated so that it will be completed on or before: **February 20, 2020.** The Court encourages the parties to serve and respond to contention interrogatories early in the case.

    f.    <u>Discovery Matters and Disputes Relating to Protective Orders</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective

order,[3] the parties involved shall contact chambers at (302) 573-4551 to schedule a telephone conference. The moving party or parties should file a "[Joint] Motion for Teleconference to Resolve [Protective Order or Discovery] Dispute." The suggested text for this motion can be found in Magistrate Judge Fallon's section of the Court's website, in the "Forms" tab, under the heading "Discovery Matters - Motion to Resolve Discovery Dispute."

Not less than seventy-two (72) hours prior to the teleconference, excluding weekends and holidays, the party seeking relief shall file with the Court a letter, not to exceed four (4) pages, in no less than 12-point font, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than forty-eight (48) hours prior to the conference, excluding weekends and holidays, any party opposing the application for relief may file a letter, not to exceed four (4) pages, in no less than 12-point font, outlining that party's reason for its opposition. Courtesy copies of the letters are to be hand delivered to the Clerk's Office within one hour of e-filing.

Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes or issues regarding protective orders, or motions for extension of time for briefing case-dispositive motions which are related to discovery matters are to be addressed in accordance with this Order.

No motions to compel or motions for protective order shall be filed absent approval of the Court. Absent express approval of the Court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

     5.     **Application to Court for Protective Order.**  Should counsel find it will be

---

[3] Counsel are expected to *verbally* discuss the issues/concerns before seeking the Court's intervention.

necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten (10) days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of protective order, counsel must follow the provisions of Paragraph 3(f) above.

Any proposed protective order should include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this litigation, the Court does not intend to preclude another court from finding that information relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

6. **Papers Filed Under Seal.** When filing papers under seal, counsel shall follow the District Court's policy on Filing Sealed Civil Documents in CM/ECF and section G of the Administrative Procedures Governing Filing and Service by Electronic Means. A redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

7. **Courtesy Copies.** The parties shall provide to the Court two (2) courtesy copies of all briefs and two (2) courtesy copies of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed under seal.

8. **ADR Process.** Having discussed the ADR process during the Rule 16 scheduling conference, the Court will schedule one or more teleconferences to discuss ADR with the parties

during the pendency of this case.

9. **Interim Status Report.** On **March 2, 2020**, counsel shall submit a joint interim report to the Court on the nature of the matters in issue and the progress of discovery to date.

10. **Choice of Law.** The parties shall meet and confer to determine whether they are in agreement as to the applicable substantive law or laws that apply to various claims. The parties shall file a joint letter with the Court by **March 2, 2020**. Should the parties agree to the applicable substantive law(s), the letter should state as such. If the parties are not in agreement, the letter should inform the court of the disagreement and propose a briefing schedule in compliance with the Local Rules requesting the Court to determine the applicable substantive law(s) issue.

11. **Status Conference**. On ~~a date between March 9 and March 13, 2020,~~ *March 10, 2020,* the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at *10 a* .m. Plaintiff's counsel shall initiate the telephone call. At the time of this conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients. If all parties agree that there is nothing to report, nor anything to add to the interim status report, they shall notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off the Court's calendar.

12. **Case Dispositive Motions**. All case dispositive motions on product identification and nexus, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **March 27, 2020**. Briefing will be presented pursuant to the Court's Local Rules. No case-dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court. Any references to exhibits in the briefs must cite the

8

specific pages of the exhibit proffered in support of a party's argument. If the exhibit is a deposition, both the page and line numbers must be specified.[4] A party seeking leave to file a case dispositive motion prior to ten (10) days before the deadline set forth above shall do so by filing a letter brief with the Court of no more than four (4) pages, explaining the reasons why an earlier-filed motion should be permitted. If any party wishes to contest this request, it may do so by filing a responsive letter brief of no more than four (4) pages, within seven (7) days from the date the requesting party filed its brief. No reply briefs shall be filed.

13. **Applications by Motion**. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

14. **Pretrial Conference**. On a date to be determined, the Court will hold a Pretrial Conference in Court with counsel beginning at __.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before a date to be determined. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order. The Court will advise the parties at or before the above-scheduled pretrial conference whether an additional pretrial conference will be necessary.

15. **Motions in Limine**. Motions in limine shall not be separately filed. All in limine

---

[4] For example, a citation to an exhibit that references the entire document will not be accepted and is not consistent with this provision.

9

requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three (3) in limine requests, unless otherwise permitted by the Court. The in limine request and any response shall contain the authorities relied upon; each in limine request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument. If more than one party is supporting or opposing an in limine request, such support or opposition shall be combined in a single three (3) page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on in limine requests, unless otherwise permitted by the Court.

16. **Jury Instructions, Voir Dire, and Special Verdict Forms**. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file joint (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) full business days before the final pretrial conference. This submission shall be accompanied by a computer disc containing each of the foregoing four (4) documents in WordPerfect format.

17. **Trial.** This matter is scheduled for a **TBD** day trial beginning at 9:30 a.m. on **TBD**, 20__ with the remaining trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

                                                                                                  _____
                                                                                                  Sherry R. Fallon
                                                                                                  United States Magistrate Judge