# IN THE UNITED STATES DISTRUCT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADA CARNES, Individually and as Personal Representative of the Estate of ARTHUR L. CARNES, Deceased, CRAIG CARNES, DANIEL CARNES, and GLENN CARNES,<br><br>Plaintiffs,<br><br>v.<br><br>CRANE CO., *et al.*,<br><br>Defendants. | No. 1:19-cv-00128-MN-SRF |

### REPLY IN SUPPORT OF OPENING BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON BEHALF OF DEFENDANT GENERAL DYNAMICS CORPORATION

Dated: July 15, 2020

**GORDON REES SCULLY MANSUKHANI, LLP**
Michael C. Heyden, Jr., Esq. (#5616)
Erik C. DiMarco, Esq. (Admitted *Pro Hac Vice*)
1000 N. West Street, Suite 1200
Wilmington, DE 19801
(302) 992-8954
Attorneys for Defendant
General Dynamics Corporation

## Table of Contents

TABLE OF AUTHORITIES ................................................................................................................ ii

I. PRELIMINARY STATEMENT ...................................................................................................... 1

II. ARGUMENTS AND AUTHORITIES ........................................................................................... 2

   A. Plaintiffs Fail To Proffer Evidence That The Clamps That Mr. Carnes Worked With On The B-58s At Carswell Air Force Base Contained Asbestos. ................................................................... 3

   B. Plaintiffs Fail To Proffer Evidence That The Insulation That Mr. Carnes Worked With On The B-58s At Carswell Air Force Base Contained Asbestos. ............................................................. 7

CONCLUSION .................................................................................................................................... 9

# Table of Authorities

**Cases**

*Conner v. Alfa Laval, Inc., 842 F. Supp. 2d 791, 801* (E.D.Pa. 2012) ......................................................... 6
*Leonard, et al. v. CBS Corporation, et al.*, Case No. 2:12-60177-ER Order (E.D. Pa. Jan. 28, 2014) .... 6, 8
*Lindstrom v. A-C Prod. Liab. Trust*, 424 F.3d 488, 492 (6th Cir. 2005) ....................................................... 6

Defendant General Dynamics Corporation ("General Dynamics") files this Reply in Support of Opening Brief in Support of Motion for Summary Judgment on Behalf of Defendant General Dynamics Corporation, subject to Defendant General Dynamics Corporations' Objections to and Request to Exclude Plaintiffs' Summary Judgment Evidence.[1]

## I.
## PRELIMINARY STATEMENT

Plaintiffs do not provide even a scintilla of admissible evidence to support their claim that Mr. Carnes was exposed to asbestos through his work on B-58s at either Carswell Air Force Base or Air Force Plant No. 4 between 1961 and 1964. Rather, Plaintiffs attempt to create a triable issue of fact by relying on the speculative and conclusory opinions of their expert industrial hygienist, Jerome Spear, who speculates that Mr. Carnes was exposed to asbestos from Adel clamps and the insulation on the wings of the B-58s. In "support" of Mr. Spear's speculative opinions, Mr. Spear points to (1) IMO Industries, Inc.'s ("IMO") Objections and Responses to Plaintiffs' First Set of Interrogatories, and Requests for Production of Documents ("IMO's Interrogatory Responses") that indicate that IMO manufactured Adel clamps from 1965 to 1993, one variety of which contained asbestos, and (2) an unidentified document from Boeing Company that allegedly indicates that asbestos-containing materials were a used in the B-47.

Neither of these documents, however, actually provide even a scintilla of admissible evidence to support Plaintiffs' claim that Mr. Carnes was exposed to asbestos while working on B-58s between 1961 and 1964. On the contrary, this evidence supports General Dynamics' assertion that Plaintiffs have no admissible evidence that Mr. Carnes was exposed to asbestos while working on the B-58s. According to IMO's Interrogatory Responses, IMO's asbestos-containing

---

[1] General Dynamics incorporates by reference Defendant General Dynamics Corporation's Objections to and Request to Exclude Plaintiffs' Summary Judgment Evidence, filed concurrently herewith.

Adel clamps **were first manufactured in 1965**, a year following the conclusion of Mr. Carnes' work on the B-58s. Similarly, the unidentified document from Boeing Company relates to the B-47, not the B-58, and Mr. Spear does not state in his affidavit that the supposed asbestos-containing material used in the B-47 was insulation in the wings' leading edge as alluded to in Plaintiffs' Response. Moreover, Plaintiffs offer no admissible evidence that B-47s that were manufactured by Boeing and B-58s that were manufactured by General Dynamics shared the same equipment, particularly the same allegedly asbestos-containing equipment.

As noted in General Dynamics' Opening Brief in Support of Motion for Summary Judgment, Mr. Carnes made clear in his deposition that (1) he was familiar with asbestos because of his work with it while in the Navy and (2) he had no knowledge that any component part of the B-58 that he worked on at Carswell Air Force Base and/or Air Force Plant No. 4 contained asbestos. Plaintiffs do not dispute that Mr. Carnes knew how to identify asbestos based on his prior experience working with and around the material, and Plaintiffs cannot dispute Mr. Carnes' testimony regarding his own lack of knowledge. Mr. Carnes never testified that he worked with asbestos-containing Adel clamps and/or asbestos-containing insulation on the B-58s. As such, it is wholly speculative for Mr. Spear to assume that Mr. Carnes worked with asbestos-containing Adel clamps and/or asbestos-containing insulation on the B-58s between 1961 and 1964.

Accordingly, Plaintiffs fail to raise a triable issue of fact as to whether Mr. Carnes encountered asbestos containing parts with his work on B-58s at either Carswell Air Force Base or Air Force Plant No. 4 and, thus, General Dynamics is entitled to summary judgment.

## II.
## ARGUMENTS AND AUTHORITIES

General Dynamics' Motion for Summary Judgement should be granted because Plaintiffs do not provide even a scintilla of admissible evidence to support their claim that Mr. Carnes was

exposed to asbestos through his work on B-58s at either Carswell Air Force Base or Air Force Plant No. 4 between 1961 and 1964. Instead, Plaintiffs attempt to contrive an issue of fact by speculating that Mr. Carnes must have been exposed to asbestos because he worked on clamps and insulation on the wings of B-58s. However, Plaintiffs fail to provide any admissible evidence that the clamps or insulation worked on by Mr. Carnes actually contained asbestos.

The following facts are undisputed by Plaintiffs:

1. Mr. Carnes testified that he was familiar with asbestos based on having encountered it during his service in the Navy, and he could identify it upon encountering it (*See* Defendant's Exhibit H at 105:1-24; 111:15-21);

2. Mr. Carnes worked as a Government Inspector on B-58s at Carswell Air Force Base and/or Air Force Plant No. 4 between 1961 and 1964 (*Id.* at 148-149; 152-154; 184-185);

3. Mr. Carnes' work as a Government Inspector of B-58 aircraft at Carswell Air Force Base and Air Force Plant No. 4 required him have a thorough understanding of the aircraft and its components (*Id.* at 184-185)

4. Mr. Carnes testified that he had no knowledge of ever encountering asbestos either as a B-58 crew member or Government Inspector of the B-58s (*Id.* at 194.:3-6);

5. IMO manufactured asbestos-containing Adel clamps **from 1965 to 1993**; and

6. Boeing Company's document(s) reviewed by Mr. Spear relates to the B-47 and not the B-58.

As set forth below, these undisputed facts, together with Plaintiffs' lack of admissible evidence, warrant the Court granting General Dynamics' Motion for Summary Judgment.

**A. Plaintiffs Fail To Proffer Evidence That The Clamps That Mr. Carnes Worked With On The B-58s At Carswell Air Force Base Contained Asbestos.**

In Plaintiffs' Response to Motion for Summary Judgment on Behalf of General Dynamics

Corporation ("Plaintiffs' Response"), Plaintiffs contend—in part—that Mr. Carnes was exposed to asbestos by manipulating (removing and installing) IMO's Adel clamps on B-58s between 1961-1964. In support of this contention, Plaintiffs proffer testimony from Mr. Carnes wherein he testified that he worked on clamps manufactured by Adel on the B-58 aircraft. Mr. Carnes testified that these clamps were insulated with rubber or "heat resistance" material that looked like "gunny sack." *Id.* at 56:8-13. Importantly, however, Mr. Carnes did not testify that the Adel clamps he worked with on the B-58s contained asbestos. As noted above, it is undisputed that Mr. Carnes was familiar with, and could identify, asbestos from his experience working with it in the Navy. It is also undisputed that Mr. Carnes testified that he had no knowledge of ever encountering asbestos while working on the B-58s.

In a vain attempt to overcome Mr. Carnes' clear testimony, Plaintiffs submit an affidavit from their industrial hygienist, Jerome E. Spear (see Plaintiffs' Exhibit G), and include IMO's Interrogatory Responses to argue that the coating Adel clamps was manufactured with chrysotile asbestos. However, Plaintiffs theory that Mr. Carnes worked with IMO's asbestos-containing Adel clamps is rank speculation, and is temporally impossible. As set forth above, it is undisputed that Mr. Carnes worked as a Government Inspector on B-58s at Carswell Air Force Base and/or Air Force Plant No. 4 between 1961 and 1964, and that IMO manufactured asbestos-containing Adel clamps from 1965 to 1993. Mr. Carnes could not have worked with IMO's asbestos-containing Adel clamps since the clamps were not even in production at the time that Mr. Carnes worked on the B-58s. Therefore, there is no admissible evidence that the B-58s that Mr. Carnes encountered at Carswell Air Force Base and/or Air Force Plant No. 4 utilized IMO's asbestos-containing Adel clamps.

Even assuming, *arguendo*, that IMO's asbestos-containing Adel clamps were

manufactured and used on B-58s between 1961 and 1964, Plaintiffs offer no admissible evidence that Mr. Carnes actually encountered those clamps. Indeed, per IMO's Interrogatory Responses, there were a variety of Adel clamps that IMO manufactured, and only one variety of clamp actually contained asbestos. Specifically, IMO responded as follows to the plaintiffs' interrogatory demands:

> ***IMO further responds that it sold numerous types of Adel-branded metal clamps in a variety of sizes from 1965 until 1993.*** The word "Adel" would have been stamped on the clamps. Many of the clamps were bare metal; other clamps were sold with a coating. ***The coating came in a variety of materials at the option of the customer, such as steel, rubber, wire mesh, silicone, and neoprene, and a variety of colors, including black, red, gray, yellow, blue, purple, tan, and white. One such coating option was comprised of chrysotile asbestos encapsulated in a Teflon matrix. To IMO's knowledge, none of the other coating options incorporated any use of asbestos.*** The clamps that had a coating comprised of chrysotile asbestos encapsulated in a Teflon matrix were provided upon specification of the United States military.

*See* Exhibit 5 to Plaintiffs' Exhibit G, p.8-9.

Mr. Carnes testified that he had no knowledge of ever encountering asbestos either as a B-58 crew member or Government Inspector of the B-58s. Absent testimony from Mr. Carnes that he encountered IMO's asbestos-containing Adel clamps, there is no way to verify that he, in fact, encountered these clamps at Carswell Air Force Base and/or Air Force Plant No. 4 between 1961 and 1964. Mr. Spear opines that IMO's Interrogatory Responses "confirmed that Adel in-fact manufactured clamps, which correspond to Mr. Carnes' descriptions and contained chrysotile asbestos." *See* Plaintiffs' Exhibit G ¶ 11. Yet, such is not the case. Mr. Carnes testified that the clamps he encountered were stamped with the word "Adel" and that some of the clamps were insulated with what appeared to be a "gunny sack." *See* Plaintiffs' Exhibit G ¶ 11. Mr. Carnes does not describe the clamps as "chrysotile asbestos encapsulated in a Teflon matrix" as IMO does in its discovery responses, and IMO does not describe its asbestos-containing Adel clamps as

resembling a "gunny sack" or anything else. The only common description used by Mr. Carnes and IMO is that the word "Adel" appears on the clamps. Given the variety of different coating options on IMO's Adel clamps, there is no way to determine that the clamps Mr. Carnes encountered were coated with asbestos.

A similar situation was presented to the court in *Leonard, et al. v. CBS Corporation, et al.*, Case No. 2:12-60177-ER Order (E.D. Pa. Jan. 28, 2014). *See* Defendant's Exhibit I. There, the plaintiff alleged asbestos exposure from the insulation on navy vessels manufactured by General Dynamics. There too, plaintiffs submitted an expert affidavit to argue that because the insulation aboard the navy vessels contained asbestos plaintiff was exposed to asbestos on the vessels manufactured by General Dynamics. However, the court rejected plaintiffs' argument on the basis that there was no evidence that the insulation that plaintiff encountered on the particular vessels he served on actually contained asbestos. Specifically, the court held as follows:

> Defendant General Dynamics argues that Plaintiffs have no evidence of asbestos exposure for which it is liable. Plaintiffs have presented evidence that Mr. Leonard was exposed to respirable dust from thermal insulation that was original to the ships at issue. Importantly, however, ***Plaintiffs have no evidence that any of the insulation aboard any of the ships at issue (whether original or replacement insulation) contained asbestos.*** As Defendant's objections imply, although Mr. Ay provides testimony that the thermal insulation he saw used in connection with the application that was at issue in Mr. Leonard's case contained asbestos on all the ships on which he (Mr. Ay) had worked, he does not claim to have served aboard any of the ships at issue, ***and does not assert that there is reason to conclude that the pertinent insulation aboard Mr. Leonard's ships (or all Navy ships) would have contained asbestos. As such, no reasonable jury could conclude from the evidence that Defendant's failure to warn about asbestos insulation aboard the ships at issue was a cause of Mr. Leonard's asbestos-related illness because there is no evidence that Mr. Leonard was ever exposed to asbestos from insulation aboard the ships at issue — and any such conclusion by a jury would be impermissibly speculative.***

*Id.*; *see also Conner v. Alfa Laval, Inc., 842 F. Supp. 2d 791, 801* (E.D.Pa. 2012) (citing *Lindstrom v. A-C Prod. Liab. Trust*, 424 F.3d 488, 492 (6th Cir. 2005)).

6

In this case, Plaintiffs have no evidence that any of the Adel clamps allegedly encountered by Mr. Carnes while working on B-58s between 1961 and 1964 contained asbestos. Although Mr. Spear opines that Mr. Carnes was exposed to asbestos through his work on or around IMO's asbestos-containing Adel clamps, IMO did not manufacture those clamps at the time Mr. Carnes worked on B-58s and his description of the clamps do not correspond to the IMO's description as set forth in IMO's Interrogatory Responses. Plaintiff's proffered "evidence" that expert Spear relies upon cannot create an issue of material fact. Therefore, there is no admissible evidence to support that Mr. Carnes used IMO's asbestos-containing Adel clamps. It would be speculative at best to assume that he encountered them while working on B-58s between 1961 and 1964.

**B. Plaintiffs Fail To Proffer Evidence That The Insulation That Mr. Carnes Worked With On The B-58s At Carswell Air Force Base Contained Asbestos.**

Plaintiffs further contend in Plaintiffs' Response that Mr. Carnes was exposed to asbestos from work he performed on B-58s wings. In his deposition, Mr. Carnes testified that he recalled removing the leading edge of B-58 wings, and that hot air was piped into the wing through a three-inch pipe with preformed insulation laced to pipe sections. However, Mr. Carnes did not testify that the insulation in the wings contained asbestos, even though he was familiar with asbestos from years of working with and around it in the Navy and, as is undisputed, Mr. Carnes' work as a Government Inspector of B-58 aircraft at the Carswell Air Force Base and Air Force Plant No. 4 required him to have a thorough understanding of the aircraft and its components. Nevertheless, Plaintiffs assert that the insulation in the B-58s wings contained asbestos, though Plaintiffs fail to proffer any admissible evidence to support their assertion.

It is important to note that Plaintiffs' expert, Mr. Spear, does not provide any opinions that the insulation on B-58s' wings contained asbestos. Rather, Mr. Spear merely cites Mr. Carnes' deposition testimony regarding Mr. Carnes' work on the leading edge of the wing of B-58s, and

7

then observes that B-47s utilize asbestos-containing materials as a means of heat insulation based on his review of an unidentified document from Boeing Company. *See* Plaintiffs' Exhibit G, Spear Affidavit ¶ 13. Mr. Spear does not, in fact, make a specific connection between the insulation on the wings of B-58s described by Mr. Carnes and the construction of B-47s as presumably described in the unidentified document from Boeing Company. Rather, by implication, Mr. Spear seems to suggest that because asbestos was present in B-47s it must also be present in B-58s. However, such a suggestion does not logically follow, is without foundation, and Mr. Spear does not offer any evidence (or, really an opinion) that such is the case.

Further, Mr. Spear's apparent suggestion in this regard is problematic for several reasons. First, B-58s and B-47s are different aircraft and were manufactured by different companies that were competitors of one another. B-58s were manufactured by General Dynamics, and B-47s were manufactured by Boeing. It is improper and lacking in foundation to suggest that because certain parts are used on B-47s, they must also have been used on B-58s. *See Leonard, et al. v. CBS Corporation, et al.*, *supra*, Case No. 2:12-60177-ER. Second, Mr. Spear fails to identify specifically what, if any, component used on the B-47s wings contained asbestos, whether these same components were used on B-58s.

Accordingly, Plaintiffs allegation that Mr. Carnes encountered asbestos from the wings on the B-58s at Carswell Air Force Base and/or Air Force Plant No. 4 is completely unfounded and unsupported by the evidence before this Court.

## **CONCLUSION**

There is no evidence that General Dynamics provided any asbestos product to which Mr. Carnes was exposed as either a crew member of a B-58 bomber at Carswell Air Force Base or as a Government Inspector at Air Force Plant No. 4 that supports any claim against General Dynamics Corporation in this matter. Plaintiff's proffered evidence fails to create a genuine issue of material fact. Therefore, summary judgment should be granted.

                                        Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

By: */s/ Michael C. Heyden, Jr.*
Michael C. Heyden, Jr., Esq. (#5616)
Erik C. DiMarco, Esq. (Admitted *Pro Hac Vice*)
1000 N. West Street, Suite 1200
Wilmington, DE 19801
(302) 992-8954
Attorneys for Defendant
General Dynamics Corporation

Dated: July 15, 2020