# IN THE UNITED STATES DISTRUCT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADA CARNES, Individually and as Personal Representative of the Estate of ARTHUR L. CARNES, Deceased, CRAIG CARNES, DANIEL CARNES, and GLENN CARNES,<br><br>Plaintiffs,<br><br>v.<br><br>CRANE CO., *et al.*,<br><br>Defendants. | No. 1:19-cv-00128-MN-SRF |

## DEFENDANT GENERAL DYNAMICS CORPORATION'S OBJECTIONS TO AND REQUEST TO EXCLUDE PLAINTIFFS' SUMMARY JUDGMENT EVIDENCE

Dated: July 15, 2020

**GORDON REES SCULLY MANSUKHANI, LLP**
Michael C. Heyden, Jr., Esq. (#5616)
Erik C. DiMarco, Esq. (Admitted *Pro Hac Vice*)
1000 N. West Street, Suite 1200
Wilmington, DE 19801
(302) 992-8954
Attorneys for Defendant
General Dynamics Corporation

## Table of Contents

Table of Authorities .................................................................................................................... ii

    I. S<small>UMMARY OF THE</small> O<small>BJECTIONS AND</small> M<small>OTION TO</small> S<small>TRIKE</small> .........................................................1

    II.  A<small>RGUMENTS</small> & A<small>UTHORITIES</small>................................................................................................1

    A.         Legal Standards for the Admissibility of Summary Judgment Evidence. ............1

    B.         Defendant's Objections to and Motion to Strike Plaintiffs' Exhibit G (along with exhibit 5 annexed thereto)....................................................................................2

    III. CONCLUSION ....................................................................................................................5

# Table of Authorities

**Cases**
*Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 192 (5th Cir. 1991) ............................................ 2
*Eason v. Thaler*, 73 F.3d 1322, 1325 5th Cir. 1996) ......................................................................... 2
*Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994) ...................... 2
*Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990) ....................................................... 2

**Statutes**
FED. R. CIV. P. 56 .................................................................................................................................. 1
FED. R. CIV. P. 56(c)(1)-(2) ................................................................................................................. 2

Defendant General Dynamics ("Defendant") respectfully objects to, and moves the Court for an Order excluding the following portions of evidence submitted by Plaintiffs in opposition to this Defendant's Motion for Summary Judgment ("Defendant's MSJ").[1]

## I.
### SUMMARY OF THE OBJECTIONS AND MOTION TO STRIKE

1.  In support of Plaintiffs' response to Defendant's MSJ, Plaintiffs attached a total of six (6) exhibits. Defendant objects to and moves to strike portions of Plaintiffs' exhibits because they unquestionably violate the FEDERAL RULES OF EVIDENCE and, therefore, are not admissible evidence in opposition to a motion for summary judgment.

2.  Specifically, Defendant objects to and moves to strike the affidavit of Plaintiffs' expert industrial hygienist, Jerome Spear, which is marked as Plaintiffs' Exhibit G (ECF Doc. # 83-7), as well as the sub-exhibits included therein. Defendant objects to and moves to strike Exhibit G as the work and opinions of Mr. Spear are based irrelevant evidence and the opinions of said expert lack foundation, are unsubstantiated, and conclusory.

3.  As such, it is respectfully request that the Court not consider Mr. Spear's opinions as evidence in opposition to this defendant's motion for summary judgment.

## II.
### ARGUMENTS & AUTHORITIES

**A.  Legal Standards for the Admissibility of Summary Judgment Evidence.**

4.  It is well settled that summary judgment evidence must be admissible under the FEDERAL RULES OF EVIDENCE. *See* FED. R. CIV. P. 56. Specifically, facts in summary judgment proceedings must be proved by the same type of evidence that would be admissible at trial, except that summary judgment facts are proved by affidavits, depositions, interrogatories, and other

---

[1] These objections and request to exclude Plaintiffs' summary judgment evidence are not intended as a Daubert challenge, and General Dynamics expressly reserves its right to file a Daubert challenge to Mr. Spear's expert opinions pursuant to the Court's scheduling order.

discovery. *See* FED. R. CIV. P. 56(c)(1)-(2). Importantly, the Court may not consider evidence that would be inadmissible at trial, and "[m]aterial that is inadmissible will not be considered on a motion for summary judgment because it would not establish a genuine issue of material fact if offered at trial." *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 192 (5th Cir. 1991) (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990)). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).

**B.     Defendant's Objections to and Motion to Strike Plaintiffs' Exhibit G (along with exhibit 5 annexed thereto).**

5.     Plaintiffs submit the expert affidavit of industrial hygienist, Jerome Spear, who formulates his conclusions on evidence that is not in the record before this Court as well as evidence that is irrelevant to the issues raised on this Defendant's motion for summary judgment. Defendant objects to Mr. Spear's affidavit in its entirety because it is conclusory, it lacks foundation, it is speculative, and it is inadmissible hearsay. Defendant requests that the Court sustain Defendant's objections and strike Mr. Spear's affidavit.

6.     Defendant objects to paragraph 7 of Mr. Spear's affidavit, wherein Mr. Spear states that he believes that Mr. Carnes "was exposed to asbestos on Convair/General Dynamics B-58s ("B-58s")…. In particular, Mr. Carnes was exposed to asbestos through his work on and/or in the immediate vicinity of work on at least the following B-58 equipment: clamps and insulation." Defendant objects to these statements as conclusory unsupported by facts demonstrating personal knowledge, speculative and lacking foundation. Defendant requests that the Court sustain

Defendant's objections and strike the above-referenced statements.

7. Defendant objects to paragraph 11 of Mr. Spear's affidavit, wherein Mr. Spear opines that the decedent was exposed to asbestos from Adel clamps on the B-58 aircraft at Carswell Air Force Base and/or Air Force Plant No. 4. As testified to by the decedent, and acknowledged by Mr. Spear, the decedent worked at the Carswell Air Force Base from 1961 to 1964. As there is no testimony that the Adel clamps that the decedent worked with contained asbestos, Mr. Spear submits interrogatory responses and document production responses from the manufacturer of Adel Clamps, IMO Industries. *See* Exhibit 5 to Exhibit G (ECF Doc. # 83-7 pp. 56-117). However, IMO's responses make clear that any information contained regarding Adel clamps is only from 1965-1993. Defendant objects to Mr. Spear's opinion that the decedent was exposed to asbestos from the Adel clamps during his service at Carswell Air Force Base and/or Air Force Plant No. 4 from 1961-1964 as conclusory unsupported by facts demonstrating personal knowledge, speculative and lacking foundation. Defendant requests that the Court sustain Defendant's objections and strike the above-referenced statements.

8. Defendant objects to IMO Industries' discovery responses attached as Exhibit 5 to Mr. Spear's affidavit, wherein IMO Industries discloses information relating to the manufacture of IMO's Adel clamps. According to IMO's response to Interrogatory No. 5, IMO manufactured the asbestos-containing Adel clamp from 1965 to 1993, years that are not at issue in this lawsuit at least as Plaintiffs' claims relate to Defendant. Mr. Carnes worked on B-58s from 1961 to 1964, and he could not have worked with IMO's asbestos-containing Adel clams since the clamps were not even in production at the time Mr. Carnes worked on B-58s. Defendant objects to the discovery responses from IMO Industries, attached as Exhibit 5 to Mr. Spear's affidavit, because the document is irrelevant under Rules 401 and inadmissible under Rule 402 of the Federal Rules of

Evidence. Defendant requests that the Court sustain Defendant's objections and strike the above-referenced exhibit.

9. Defendant objects to paragraph 13 of Mr. Spear's affidavit, wherein Mr. Spear attempts to formulate an opinion that the decedent was exposed to asbestos from the preformed insulation on the wings of B-58 aircraft while working at the Carswell Air Force Base. There is no testimony, documentary, or expert evidence submitted to show that the insulation on the B-58 aircraft contained any asbestos. Defendant objects to Mr. Spear's opinion that the decedent was exposed to asbestos from the insulation on the B-58 aircraft because it is conclusory unsupported by facts demonstrating personal knowledge, speculative and lacks foundation. Defendant requests that the Court sustain Defendant's objections and strike the above-referenced opinion.

10. Defendant objects to the unidentified Boeing Company document that Mr. Spear references in paragraph 13. Mr. Spear insinuates—though he never clearly articulates this in his affidavit—that the basis of his opinion regarding asbestos exposure from the preformed insulation on the wings of B-58s is the Boeing Company document that Mr. Spear indicates is related to the B-47 aircraft. The document from the Boeing Company is not disclosed and part of the record. Defendant objects to the Boeing Company document because it lacks foundation, is inadmissible hearsay, and not properly authenticated. Defendant further objects to the Boeing Company document because they are entirely irrelevant under Rules 401 and inadmissible under Rule 402 of the Federal Rules of Evidence as they pertain to an aircraft that is not at issue in this Defendant's motion for summary judgment. Defendant requests that the Court sustain Defendant's objections and strike the above-referenced document(s).

### III.
### CONCLUSION

11. For the foregoing reasons, Defendant General Dynamics prays that the Court sustains Defendant's objections to, and enters an Order excluding the affidavit of Plaintiffs' expert industrial hygienist, Jerome Spear, as well as the sub-exhibits included therein. Defendant requests, further, such

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

By: _/s/ Michael C. Heyden, Jr._
Michael C. Heyden, Jr., Esq. (#5616)
Erik C. DiMarco, Esq. (Admitted *Pro Hac Vice*)
1000 N. West Street, Suite 1200
Wilmington, DE 19801
(302) 992-8954
Attorneys for Defendant
General Dynamics Corporation

Dated: July 15, 2020