IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADA CARNES, Individually and as Personal Representative of the Estate of ARTHUR L. CARNES, Deceased, et al. <br><br> Plaintiffs, <br><br> v. <br><br> CRANE CO., et *al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) )   No. 1:19-cv-00128-MN-SRF |

**PLAINTIFFS' RESPONSE TO DEFENDANT GENERAL DYNAMICS
CORPORATION'S OBJECTIONS TO AND REQUEST TO EXCLUDE
PLAINTIFFS' SUMMARY JUDGMENT EVIDENCE**

Respectfully submitted,

THE BIFFERATO FIRM, P.A.

Of Counsel:

*/s/ Ian Connor Bifferato*

Christopher L. Johnson *(admitted pro hac vice)*
WATERS & KRAUS, LLP
3151 Hood Street, Suite 700
Dallas, TX 75219
Telephone: (214) 357-6244
Facsimile: (214) 357-7252
cjohnson@waterskraus.com

Ian Connor Bifferato (Bar No. 3273)
1007 North Orange Street, 4th Floor
Wilmington, DE 19801
Telephone: (302) 225-7600
cbifferato@tbf.legal

FARNAN LLP

*/s/ Brian E. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Attorneys for Plaintiffs

# **TABLE OF CONTENTS**

I.   NATURE AND STAGE OF PROCEEDINGS ........................................................................... 1

II.  SUMMARY OF ARGUMENT ................................................................................................ 2

III. STATEMENT OF FACTS ....................................................................................................... 3

IV.  ARGUMENT ........................................................................................................................... 4

    A. Because it is relevant, Plaintiffs' summary judgment evidence is generally admissible.... 4

    B. Under the Federal Rules of Evidence, Mr. Spears' affidavit is appropriate summary judgment evidence. ................................................................................................................ 4

    C. Mr. Spears' affidavit constitutes proper expert testimony in a summary judgment context. .................................................................................................................................... 5

       1. As an expert, Mr. Spear is not required to have "personal knowledge" as Defendant argues. ........................................................................................................................................ 5

       2. While Mr. Spear was not required to first aver to the underlying facts/data supporting his opinions, he did just that. ................................................................................................... 6

       3. In addition to identifying the underlying facts/data supporting his opinions, Mr. Spear also described the general bases of his opinions. .................................................................... 7

    D. IMO Industries' discovery responses are both relevant and admissible. ........................... 7

    E. Even if the Court were to find that Plaintiffs' summary judgment evidence is lacking, it should allow Plaintiffs the opportunity to properly support or address the fact. ................ 7

V.   CONCLUSION ........................................................................................................................ 8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Archdiocese of Milwaukee v. Doe*,
    743 F.3d 1101 (7th Cir. 2014) ................................................................................................4

*Kumho Tire Co. v. Carmichael*,
    526 U.S. 137 (1999)................................................................................................................5

*U.S. v. Lowery*,
    166 F.3d 1119 (11th Cir. 1999) ..............................................................................................4

**Other Authorities**

Fed. R. Civ. P. 56......................................................................................................................4

Fed. R. Civ. P. 56(c)(4).............................................................................................................5

Fed. R. Civ. P. 56(e)(1).............................................................................................................8

Fed. R. Evid. 102 .....................................................................................................................6

Fed. R. Evid. 401 .....................................................................................................................4

Fed. R. Evid. 402 .....................................................................................................................4

Fed. R. Evid. 602 .....................................................................................................................5

Fed. R. Evid. 702 .....................................................................................................................5

Fed. R. Evid. 703 .....................................................................................................................5

Fed. R. Evid. 705 .....................................................................................................................6

L.R. 7.1.1 ..................................................................................................................................2

L.R. 7.1.2(c).............................................................................................................................2

## I.    NATURE AND STAGE OF PROCEEDINGS

On February 12, 2018, Arthur L. Carnes and Ada Carnes filed this products liability matter in Dallas County (Texas state) District Court. Exhibit A to D.I. 83, Plaintiffs' Response to Motion for Summary Judgment on Behalf of General Dynamics Corporation ("Plaintiffs' Response"), Plaintiffs' Original Petition and Jury Demand; Exhibit B to Plaintiffs' Response, Affidavit of Christopher L. Johnson.  The parties deposed Mr. Carnes over the course of two days on March 7-8, 2018.

On March 12, 2018, another defendant, The Boeing Company filed a Notice of Removal removing the state matter to the United States District Court for the Southern District of Texas (Houston Division). Exhibit C to Plaintiffs' Response, Defendant, The Boeing Company's, Notice of Removal.  On June 22, 2018, Mr. Carnes died of cardiopulmonary arrest due to malignant mesothelioma of the left lung. Exhibit D to Plaintiffs' Response, State of Texas Certification of Vital Record of Arthur Lorenzo Carnes.  On August 8, 2018, Plaintiffs filed a Stipulation of Dismissal Without Prejudice as to all defendants.  Judge Vanessa D. Gilmore entered the Order Granting Stipulation of Dismissal without Prejudice on August 10, 2018. Exhibit E to Plaintiffs' Response, Order Granting Stipulation of Dismissal without Prejudice.

On January 23, 2019, Plaintiff, Ada Carnes, filed this wrongful death civil action against several Defendants, including General Dynamics to recover damages for injuries arising from Mr. Carnes' exposure to asbestos. D.I.1, Plaintiffs' Original Complaint (originally attached as Defendant's Exhibit A).  On March 1, 2019, Plaintiff filed a First Amended Complaint amending certain allegations against Boeing. *See* D.I.14, Plaintiff's First Amended Complaint (originally attached as Defendant's Exhibit B).

On April 13, 2020, the parties stipulated that *inter alia* Texas substantive law applies in this matter. Exhibit F to Plaintiffs' Response, D.I.73, Joint Stipulation Regarding Choice of Law

and Scope of Defendant General Dynamics' Dispositive Motion. Defendant filed its Motion for Summary Judgment on June 24, 2020. D.I. 81, Motion for Summary Judgment on Behalf of General Dynamics Corporation; D.I. 82, Opening Brief in Support of Motion for Summary Judgment on Behalf of Defendant General Dynamics Corporation.

On July 9, 2020, Plaintiffs filed their Response to Motion for Summary Judgment on Behalf of General Dynamics Corporation. D.I. 83, Plaintiffs' Response to Motion for Summary Judgment on Behalf of General Dynamics Corporation.  In Plaintiffs' Response, they attached the Affidavit of Jerome E. Spear, CIH, CSP, FAIHA as Exhibit "G." Exhibit G also included some of Mr. Spear's case-specific reliance information. Exhibit G, attached to Plaintiffs' Response.

On July 15, 2020, Defendant filed its Reply in Support of Opening Brief in Support of Motion for Summary Judgment on Behalf of General Dynamics Corporation. D.I. 84.  Defendant simultaneously filed its Objections to and Request to Exclude Plaintiffs' Summary Judgment Evidence to which Plaintiffs now respond. D.I. 84-1.[1]

## II.     SUMMARY OF ARGUMENT

Defendant lodged several inapplicable objections to Plaintiffs' admissible summary judgment evidence.  First, Plaintiffs' summary judgment evidence is relevant on the central question at issue: did Defendant's B58s contained asbestos that exposed Mr. Carnes.  Second, Defendant inexplicably objects to Plaintiffs' submitted affidavit as hearsay despite the fact that the Rules expressly contemplate such affidavits, which are routinely used in summary judgment. Defendant then objects to Plaintiffs' affidavit because Mr. Spear "lacks personal knowledge."

---

[1] At the outset, Plaintiffs note that Defendant failed to comply with certain local rules in filing its Motion. In particular, L.R. 7.1.1, which requires that " . . . **every** nondispositive motion **shall** be accompanied by an averment of counsel for the moving party that **a reasonable effort has been made to reach agreement** with the opposing party on the matters set forth in the motion." (emphasis added). Defendant also ignored the requirements of L.R. 7.1.2(c), which pertains to the content of briefs.

2

However, Mr. Spear is an expert who is not required to testify solely based on his personal knowledge. Finally, in his affidavit, Mr. Spear provided the facts that support his opinion as well as articulated the bases for his conclusions. Accordingly, Plaintiffs respectfully request that the Court overrule Defendants' objections and deny their request to strike Plaintiffs' summary judgment evidence.

### III.  STATEMENT OF FACTS

On May 31, 2019, Plaintiff requested discovery from various defendants in the instant case, including General Dynamics Corporation ("Defendant"). **Exhibit 1**, Plaintiffs' First Set of Interrogatories and Requests for Production to Defendants. On September 13, 2019, Defendant responded to Plaintiffs' discovery requests. **Exhibit 2**, Defendant General Dynamics Corporation's Response to Plaintiffs' First Set of Interrogatories and Request for Production. Notably, in doing so, Defendant responded that it had long-ago transferred relevant documents and materials to Lockheed Martin. *Id.* at p. 1, *et seq.* None of the documents Defendant produced provided a comprehensive listing of equipment aboard its B58s. **Exhibit 3**, Affidavit of Christopher L. Johnson ("Johnson Aff."). Accordingly, Plaintiffs began conferring with Defendant to ensure that they received all relevant discovery to which they are entitled. *Id.*

On February 7, 2020, counsel for the parties spoke by telephone. *Id.*; *see also* **Exhibit 4**, Correspondence dated, February 7, 2020 ("M&C Letter"). During this telephone call, Defendant informed Plaintiffs that, despite Defendant's best efforts, it was unlikely to have any additional documents. Exhibit 3, Johnson Aff.; Exhibit 4, M&C Letter. On February 12, 2020, Plaintiffs' and Defendant entered a stipulation by which Plaintiffs would, among other things, issue a subpoena to Lockheed Martin. D.I. 63, Stipulation to Extend Deadlines Between Plaintiff and General Dynamics Corporation.

On March 20, 2020, Plaintiffs issued a subpoena to Lockheed Martin for documents pertaining to Defendant's B58. D.I. 70, Notice of Subpoena. On April 13, 2020, Lockheed Martin sent Plaintiffs' counsel a letter by which it stated that it had no B-58 documents responsive to Plaintiffs' request. **Exhibit 5**, Correspondence dated, April 13, 2020.

### IV.   ARGUMENT

**A. Because it is relevant, Plaintiffs' summary judgment evidence is generally admissible.**

Relevant evidence is generally admissible. Fed. R. Evid. 402. Evidence is relevant where it tends to make a consequential fact more or less probable than it would be without such evidence. Fed. R. Evid. 401. A court may exclude relevant evidence only when such evidence violates (1) the U.S. Constitution, (2) a federal statute, (3) the federal rules of evidence, or (4) other rules prescribed the Supreme Court. Fed. R. Evid. 402; *U.S. v. Lowery*, 166 F.3d 1119, 1125 (11th Cir. 1999) (FRE 402 provides an "exclusive list" of the authority for excluding evidence in federal court).

Plaintiffs' summary judgment evidence go directly to the central question at issue, which is whether Defendant's B58 aircraft utilized asbestos-containing equipment that exposed Mr. Carnes. Plaintiffs' evidence tends to show that they did. Such evidence is therefore relevant, which is generally admissible.

**B. Under the Federal Rules of Evidence, Mr. Spears' affidavit is appropriate summary judgment evidence.**

Defendant inexplicably objects to Mr. Spears' affidavit as "inadmissible hearsay." Defendant's Motion at p. 2. "Although [FRCP] 56 is silent about oral testimony, it plainly contemplates the use of affidavits and documentary evidence." *Archdiocese of Milwaukee v. Doe*, 743 F.3d 1101, 1109 (7th Cir. 2014); *see also* Fed. R. Civ. P. 56(c)(4). While the Court has discretion to hear oral testimony in deciding summary judgment, it "should be rare." *Id.*

4

Accordingly, while the Court can consider Mr. Spear's live testimony, if it so chooses, his affidavit is proper summary judgment evidence. Plaintiffs respectfully request that the Court overrule Defendant's hearsay objections.

### C. **Mr. Spears' affidavit constitutes proper expert testimony in a summary judgment context.**

As referenced in Plaintiffs' Response, Jerome E. Spear is Plaintiffs' retained expert. *See* D.I. 83, Plaintiffs' Response. at p. 7. Accordingly, he will testify as an expert witness under Fed. R. Evid. 702, *et seq.* Witnesses qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion, or otherwise, if they meet certain criteria. Fed. R. Evid. 702. The criteria are:

a)  the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
b)  the testimony is based on sufficient facts or data;
c)  the testimony is the product of reliable principles and methods; and
d)  the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702; *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999) (" . . . *Daubert's* list of specific factors neither necessarily nor exclusively applies to all experts or in every case.").

### 1. **As an expert, Mr. Spear is not required to have "personal knowledge" as Defendant argues.**

While a fact witness may only testify to a matter, if that witness has personal knowledge, this rule **does not apply** to a witness's expert testimony. Fed. R. Evid. 602 (emphasis added). Unlike a lay witness, "[a]n expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed." Fed. R. Evid. 703. If experts in the particular field would reasonably rely on those kinds of facts or data, it need not even be admissible for the opinion to be admitted. *Id.* Moreover, an expert may state an opinion without first testifying to the underlying facts or data. Fed. R. Evid. 705. Finally, the Court should construe the Federal Rules

5

of Evidence so as to meet the end of ascertaining the truth and securing a just determination. Fed. R. Evid. 102.

Here, Defendant does not even argue that Mr. Spear is unqualified as an expert witness. As articulated in Plaintiffs' Response, Mr. Spear "has been trained to and has over 25 years of experience in identifying asbestos-containing products." D.I. 83, Plaintiffs' Response at p. 7.[2] As an expert witness Mr. Spear is not required to have "personal knowledge" as Defendant argues. Accordingly, Plaintiffs respectfully request that the Court overrule this objection.

### 2. While Mr. Spear was not required to first aver to the underlying facts/data supporting his opinions, he did just that.

Because Mr. Spear is an expert witness, he is permitted to testify as to his opinion without first testifying to the underlying facts or data so long as experts in his field would reasonably rely on those kinds of facts or data. *See generally* Fed. R. Evid. 705. Mr. Spear averred, he " . . . [has] personal knowledge of the matters stated [therein], except for such matters that have been made to me in forming an expert opinion, in which case each such matter is of a type that professionals in [his] field reasonably rely upon . . ." Exhibit "G" to D.I. 83, Plaintiffs' Response. Despite the fact that Mr. Spear is not required to first testify to the underlying facts or data, he in-fact did just that. He averred that, in forming his opinions in this case, he relied upon various records, which included Mr. Carnes' social security records and deposition transcripts; IMO Industries, Inc.'s Objections and Responses to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents; and numerous documents produced by the Boeing Company in this case, which are subject to this Court's Protective Order. *See generally* Exhibit G to D.I. 83, Plaintiffs' Response. Accordingly, Mr. Spear provided the basis for his opinions and conclusions.

---

[2] Mr. Spear's skills, knowledge, education, experience, and training are set forth at length in the Affidavit of Jerome E. Spear, CIH, CSP, and FAIHA as well as the exhibits thereto, which are attached as Exhibit "G" to Plaintiffs' Response.

> **3.  In addition to identifying the underlying facts/data supporting his opinions, Mr. Spear also described the general bases of his opinions.**

After reviewing the documents he was provided, Mr. Spear identified certain parts of Defendants' aircraft as having contained asbestos: clamps and insulation. *Id.* And, contrary to Defendant's objections, he articulated the reasons therefor. *See generally Id.* In particular, he described Mr. Carnes' testimony pertaining to his work with Adel clamps and heat insulation in which hot air was piped into B58 wings. *Id.* at ¶ 8-14. He averred that Mr. Carnes' descriptions of the Adel products he recalled working with corresponded to Adel's asbestos-containing clamps. *Id.* at ¶ 11. If IMO's responses only pertain to the time period of 1965-93, Defendant can cross-examine Mr. Spear on this issue. However, it does nothing to eliminate the question of fact as to whether Mr. Carnes was exposed to asbestos on Defendants' aircraft through asbestos-containing clamps.

### D. IMO Industries' discovery responses are both relevant and admissible.

As referenced above, IMO Industries' discovery responses specifically pertain to whether they manufactured asbestos-containing Adel clamps. Even if IMO's discovery responses pertain to years immediately following Mr. Carnes' work on Defendant's aircraft, they nonetheless demonstrate that IMO manufactured asbestos-containing clamps that generally match with the clamps as described by Mr. Carnes. Therefore, this evidence makes it more likely that Mr. Carnes was exposed to asbestos *vis-à-vis* his work on Defendant's aircraft. Plaintiff respectfully requests that the Court overrule this objection.

### E. Even if the Court were to find that Plaintiffs' summary judgment evidence is lacking, it should allow Plaintiffs the opportunity to properly support or address the fact.

If a party fails to properly support or oppose an assertion of fact, the court may allow the party an opportunity to properly support or address the fact. Fed. R. Civ. P. 56(e)(1). While

7

Defendant primarily focused on the adequacy of Mr. Spears' affidavit, Mr. Spears has yet to testify in this matter.[3]  Accordingly, if the Court were to determine that Plaintiffs' summary judgment evidence is lacking, Plaintiffs can easily remedy this by providing a supplemental affidavit or tendering Mr. Spear for deposition.  Therefore, Plaintiffs respectfully request that, if the Court were to determine that Plaintiffs have failed to properly oppose Defendant's assertions, they be permitted to supplement the record.

## V.     CONCLUSION

Defendant's objections to Plaintiffs' summary judgment evidence are inapplicable for several reasons.  First, Plaintiffs' evidence is relevant on the issue of whether Defendants' aircraft contained asbestos that exposed Mr. Carnes.  Moreover, Mr. Spear's affidavit constitutes permissible expert testimony in a summary judgment context.  Accordingly, Plaintiffs respectfully request that the Court (1) overrule Defendant's objections and (2) deny Defendant's request.

In the event that the Court believes that Plaintiffs' evidence is insufficient for any reason, Plaintiff respectfully requests that the Court allow Plaintiffs to supplement the record.

---

[3] While Mr. Spear has not yet testified in this matter, he averred that, "[i]f asked, [he] can and would testify competently to the truth of each matter and opinion stated herein, as well as to the foundation for each such matter and opinion." Exhibit G to Plaintiffs' Response. at p. 1.

| | |
|---|---|
| Dated: July 29, 2020 | Respectfully submitted, |
| | THE BIFFERATO FIRM, P.A. |
| Of Counsel: | |
| | */s/ Ian Connor Bifferato* |
| Christopher L. Johnson *(admitted pro hac vice)* | Ian Connor Bifferato (Bar No. 3273) |
| WATERS & KRAUS, LLP | 1007 North Orange Street, 4th Floor |
| 3151 Hood Street, Suite 700 | Wilmington, DE 19801 |
| Dallas, TX 75219 | Telephone: (302) 225-7600 |
| Telephone: (214) 357-6244 | cbifferato@tbf.legal |
| Facsimile: (214) 357-7252 | |
| cjohnson@waterskraus.com | |
| | FARNAN LLP |
| | */s/ Brian E. Farnan* |
| | Brian E. Farnan (Bar No. 4089) |
| | Michael J. Farnan (Bar No. 5165) |
| | 919 N. Market St., 12th Floor |
| | Wilmington, DE 19801 |
| | Telephone: (302) 777-0300 |
| | Fax: (302) 777-0301 |
| | bfarnan@farnanlaw.com |
| | mfarnan@farnanlaw.com |
| | Attorneys for Plaintiffs |