# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADA CARNES, Individually and as Personal Representative of the Estate of ARTHUR L. CARNES, Deceased, CRAIG CARNES, DANIEL CARNES, and GLENN CARNES,<br><br>Plaintiffs,<br><br>v.<br><br>CRANE CO., *et al.*,<br><br>Defendants. | No. 1:19-cv-00128-MN-SRF |

## DEFENDANT GENERAL DYNAMICS CORPORATION'S REPLY IN SUPPORT OF ITS OBJECTIONS TO AND REQUEST TO EXCLUDE PLAINTIFFS' SUMMARY JUDGMENT EVIDENCE

Dated: August 5, 2020

**GORDON REES SCULLY MANSUKHANI, LLP**
Michael C. Heyden, Jr., Esq. (#5616)
Erik C. DiMarco, Esq. (Admitted *Pro Hac Vice*)
1000 N. West Street, Suite 1200
Wilmington, DE 19801
(302) 992-8954
Attorneys for Defendant
General Dynamics Corporation

# Table of Contents

I. PRELIMINARY STATEMENT ........................................................................................... 1

II. ARGUMENTS & AUTHORITIES ..................................................................................... 2

    A. Paragraph 7 of Mr. Spear's affidavit should be stricken. .................................................. 3

    B. IMO Industries Response to Plaintiffs' Interrogatory and Request for Production should be stricken. ............................................................................................................................. 4

    C. Paragraph 13 of Mr. Spear's affidavit should be stricken. ............................................... 5

III. CONCLUSION .................................................................................................................... 6

## Cases

*Diaz v. N.Y. Downtown Hosp.*, 99 N.Y.2d 542, 543 (NY 2002)...................................................................... 2
*Faryniarz v. Nike, Inc.*, 2002 U.S. Dist. LEXIS 15825, *6, CCH Prod. Liab. Rep. P16,505 (S.D.N.Y. 2002) .......................................................................................................................................... 3
*Glowczenski v. Taser Int'l, Inc.*, 928 F. Supp. 2d 564, 576 (E.D.N.Y. 2013) ............................................... 3
*Leonard v. Stemtech Int'l, Inc.*, 834 F.3d 376, 391 (3d Cir. 2016) .................................................................. 2
*O'Neal v. Middletown Twp.*, 2019 U.S. Dist. LEXIS 59, *17, 2019 WL 77066 (N.J.D.C. 2019) ................ 6
Person v. Teamsters Local Union 863, 2013 U.S. Dist. LEXIS 149252, *5, 2013 WL 5676802 (N.J.D.C. 2013) .......................................................................................................................................... 6
*Stecyk v. Bell Helicopter Textron, Inc.,* 295 F.3d 408, 414 (3d Cir. 2002) ................................................... 2
*Zikianda v. County of Albany*, 2015 U.S. Dist. LEXIS 122363, *190 (N.D.N.Y) ........................................ 2

Defendant General Dynamics Corporation ("General Dynamics") files this Reply in Support of Defendant General Dynamics Corporations' Objections to and Request to Exclude Plaintiffs' Summary Judgment Evidence.[1]

## I. PRELIMINARY STATEMENT

Plaintiffs do not dispute that the bases for Mr. Spear's opinions in his affidavit in opposition to Defendant's motion for summary judgment are not supported by record.

Specifically, Plaintiffs do not dispute that while Mr. Spear opines that Mr. Carnes was exposed to asbestos for Adel Clamps, Mr. Spear's sole basis for formulating this opinion is on information regarding the manufacturing of said clamps that post-date (1965-1993) when Mr. Carnes actually worked with same on the B-58s at the Carswell Air Force Base (1961-1964).

Plaintiffs fail to provide any succinct reason for why Mr. Spear's opinion in this regard should be considered as admissible summary judgment evidence except for their willingness to proffer him for a deposition and allowing a cross-examination on the issue. Mr. Spear's wholesale failure to articulate proper support and corroborative evidence for his conclusions in his affidavit makes evident that there is no such support or evidence. Moreover, because IMO's interrogatory responses regard the manufacturing of Adel clamps from a different time-period,[2] they are irrelevant and lack probative value. Finally, while Mr. Spear opines that the insulation on B-58's

---

[1] General Dynamics incorporates by reference Defendant General Dynamics Corporation's Motion for Summary Judgment Evidence. Plaintiffs seems to suggest that Defendant failed to follow brief content requirement as set forth in the local rules of Delaware District Courts in the underlying Motion for Objections and Exclusion. It should be noted that this Defendant did not include a Statement of Facts section as is generally required by the local rules, for the sake of brevity because it did not want to belabor this Court with an identical recitation of facts that were already included through the reference to the summary judgment motion. Notably, while Plaintiffs do include a Statement of Facts section in their response to this motion, it is apparent from Plaintiffs' Argument Section that the facts recited therein have no bearing on the Plaintiffs' argument and are patently irrelevant.

Moreover, as this motion was made in conjunction with a dispositive motion for summary judgment and specifically seeks the exclusion of evidence submitted in opposition thereto, any averment with Plaintiffs on the issues raised herein would be futile.

[2] There is no evidence who manufactured Adel Clamps prior to 1965. There is no evidence of the content of Adel Clamps prior to 1965.

wings contained asbestos and suggests that undisclosed documents from the Boeing Company support his opinion, Plaintiffs do no oppose Defendant's objections to exclude Mr. Spear's opinion in this regard as well as the undisclosed Boeing documents. Thus, Plaintiffs waive any opposition to Defendant's objections.

## II.     ARGUMENTS & AUTHORITIES

Defendant objects to and moves to strike the affidavit of Plaintiffs' expert industrial hygienist, Jerome Spear, which is marked as Plaintiffs' Exhibit G (ECF Doc. # 83-7), as well as the sub-exhibits included therein. Defendant objects to and moves to strike Exhibit G as the work and opinions of Mr. Spear are based on inadmissible evidence, are not relevant, and the opinions of said expert lack foundation, are unsubstantiated, and conclusory.

As articulated in the underlying moving papers, Mr. Spear's entire opinion as to the purported presence of asbestos-containing clamps and insulations on the B-58 at the Carswell Air Force Base from 1961 to 1964 is based on sheer speculation with not a scintilla of evidence or fact in the record to support his conclusion.

The courts of this Circuit, as well as others, have repeatedly made clear that expert testimony cannot be based on assumptions lacking any factual foundation in the record. *See Leonard v. Stemtech Int'l, Inc.*, 834 F.3d 376, 391 (3d Cir. 2016); *Stecyk v. Bell Helicopter Textron, Inc.,* 295 F.3d 408, 414 (3d Cir. 2002) ("It is an abuse of discretion to admit expert testimony which is based on assumptions lacking any factual foundation in the record."); *Zikianda v. County of Albany*, 2015 U.S. Dist. LEXIS 122363, *190 (N.D.N.Y)(quoting *Diaz v. N.Y. Downtown Hosp.*, 99 N.Y.2d 542, 543 (NY 2002)("Where the expert's ultimate assertions are speculative or unsupported by any evidentiary foundation, however, the opinion should be given no probative force and is insufficient to withstand summary judgment.")).

Moreover, the discovery responses from IMO Industries and the Boeing documents relied

2

upon by Mr. Spear are facially irrelevant, unauthenticated, without any foundation, and inadmissible. Thus, as the courts make clear, it is improper for Mr. Spear to use these materials as the basis to extrapolate his conclusions to defeat a motion for summary judgment. *See Glowczenski v. Taser Int'l, Inc.*, 928 F. Supp. 2d 564, 576 (E.D.N.Y. 2013) ("Rule 703 controls the bases upon which an expert may rest testimony, but it does not allow for the revelation of inadmissible hearsay to the jury, nor does it allow such hearsay to be considered on this motion for summary judgment"); *Faryniarz v. Nike, Inc*., 2002 U.S. Dist. LEXIS 15825, *6, CCH Prod. Liab. Rep. P16,505 (S.D.N.Y. 2002)( "Expert testimony cannot be based on an expert's unfounded assertion.").

### A. **Paragraph 7 of Mr. Spear's affidavit should be stricken.**

Plaintiffs herein do not dispute that Mr. Spear's sole basis, as articulated in paragraph 13 of his affidavit, that the clamps on B-58s that Mr. Carnes testified to working with contained any asbestos is based on the interrogatory responses and document production responses from the manufacturer of Adel Clamps, IMO Industries. *See* Exhibit 5 to Exhibit G (ECF Doc. # 83-7 pp. 56-117). Plaintiffs also do not dispute that IMO's responses make clear that any information contained regarding Adel clamps is only from 1965-1993[3]—a date after which Mr. Carnes already transferred from the Carswell Air Force Base. Mr. Spear does not provide any support whatsoever regarding the material makeup of the clamps on B-58s during the relevant period of 1961 to 1964 and thereby providing a quintessential example of formulating an opinion based on evidence not in the record.

Perhaps realizing this infirmity, Plaintiffs in their opposition argue that Mr. Spear should be deposed and can be cross-examined on this issue. Notably, Plaintiffs do not lend any argument

---

[3] There is no evidence in the record of who manufactured the clamps prior to 1965 nor is there evidence in the record of the content of the clamps pre-1965.

3

that there is in fact any evidence whereby it can be demonstrated that the clamps on the B-58s from 1961 to 1964 actually contained asbestos. Thus, arguing that the foundation can be explained during examination of Mr. Spear is just an attempt to cause distraction and delay. There is no evidence to support Mr. Spear's conclusion regarding the clamps on the B-58's that Mr. Carnes worked with as containing asbestos and, had there been, Mr. Spear would have provided with his affidavit or, at the very least, referenced it in Plaintiffs' response to the motion for summary judgment.

### B. IMO Industries' Response to Plaintiffs' Interrogatory and Request for Production should be stricken.

Moreover, given that IMO's interrogatory response pertains to clamps manufactured after the time-period relevant herein, said discovery is patently irrelevant and should be stricken. Plaintiffs argue that IMO's interrogatory responses nevertheless should not be stricken because "they demonstrate that IMO manufactured asbestos-containing clamps that generally match with the clamps as described by Mr. Carnes." *See* Plaintiffs' Response p. 7.

Plaintiffs' argument fails for a number of reasons. First, Plaintiffs' evidence on Adel clamps is not relevant because according to Plaintiffs' own evidence, these particular clamps were not manufactured until 1965 and thereby post-date Mr. Carnes' work period in Texas. The disparity in the dates are dispositive of Mr. Carnes claims regarding the clamps. Mr. Carnes neither testified that he worked with asbestos clamps nor identified the clamps as being manufactured by IMO Industries. In fact, even when he identified Adel clamps, he explained that he believed that all the clamps were only Adel because that was common name just as tissue is commonly referred to as "Kleenex" or bandages being referred to as "Band-Aid." *See* ECF Doc. #82-1, Carnes Dep. p. 212-213. As such, there is no evidence that the clamps that Mr. Carnes worked with on B-58s from 1961 to 1964 were actually Adel clamps or that they were manufactured by IMO Industries

4

and, thus, it is palpably improper to speculate that the clamps he actually worked with were made with the same composition of materials.

Second, assuming *arguendo* that the subject clamps were Adel and manufactured by IMO Industries, per IMO's Interrogatory Responses, there were a variety of Adel clamps that IMO manufactured, and only one variety of clamp actually contained asbestos. Specifically, IMO responded as follows to the plaintiffs' interrogatory demands:

> ***IMO further responds that it sold numerous types of Adel-branded metal clamps in a variety of sizes from 1965 until 1993.*** The word "Adel" would have been stamped on the clamps. Many of the clamps were bare metal; other clamps were sold with a coating. ***The coating came in a variety of materials at the option of the customer, such as steel, rubber, wire mesh, silicone, and neoprene, and a variety of colors, including black, red, gray, yellow, blue, purple, tan, and white. One such coating option was comprised of chrysotile asbestos encapsulated in a Teflon matrix. To IMO's knowledge, none of the other coating options incorporated any use of asbestos.*** The clamps that had a coating comprised of chrysotile asbestos encapsulated in a Teflon matrix were provided upon specification of the United States military.

*See* Exhibit 5 to Plaintiffs' Exhibit G, (ECF Doc. # 83-7 p.8-9). As Mr. Carnes never testified that the clamps he worked with contained asbestos and never described the clamps as being encapsulated in a Teflon matrix, there is no way to correlate that the clamps he worked with contained asbestos based on the description provided in IMO interrogatory responses. Thus, IMO's interrogatory responses are irrelevant and lack any probative value.

### C.  **Paragraph 13 of Mr. Spear's affidavit should be stricken.**

Defendant objects to paragraph 13 of Mr. Spear's affidavit, wherein Mr. Spear attempts to formulate an opinion that the decedent was exposed to asbestos from the preformed insulation on the wings of B-58 aircraft while working at the Carswell Air Force Base. As there is no testimony, documentary, or expert evidence submitted to show that the insulation on the B-58 aircraft contained any asbestos, Mr. Spear's opinion that the decedent was exposed to asbestos from same

is conclusory and unsupported by facts in the record.  Plaintiffs do not rebut this argument, thereby waiving it, and thus paragraph 13 of Mr. Spear's affidavit should be stricken. *See O'Neal v. Middletown Twp.*, 2019 U.S. Dist. LEXIS 59, *17, 2019 WL 77066 (N.J.D.C. 2019); *Person v. Teamsters Local Union* 863, 2013 U.S. Dist. LEXIS 149252, *5, 2013 WL 5676802 (N.J.D.C. 2013)("Failure to raise legal arguments in opposition to a motion to dismiss results in waiver.").

Defendant also objects to the unidentified Boeing Company document that Mr. Spear references in paragraph 13 as the document was not disclosed and part of the record on the motion for summary judgment.  Plaintiffs do not refute this and, thus, they waive any opposition to Defendant's objection.  *See O'Neal, supra,* 2019 U.S. Dist. LEXIS 59, *17, 2019 WL 77066; *Person, supra,* 2013 U.S. Dist. LEXIS 149252, *5.

## III.    CONCLUSION

For the foregoing reasons, Defendant General Dynamics prays that the Court sustains Defendant's objections to, and enters an Order excluding the affidavit of Plaintiffs' expert industrial hygienist, Jerome Spear, as well as the sub-exhibits included therein.

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

By: _/s/ Michael C. Heyden, Jr._____
Michael C. Heyden, Jr., Esq. (#5616)
Erik C. DiMarco, Esq. (Admitted *Pro Hac Vice*)
1000 N. West Street, Suite 1200
Wilmington, DE 19801
(302) 992-8954
Attorneys for Defendant
General Dynamics Corporation

Dated: August 5, 2020